# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HANGZHOU JICAI PROCUREMENT CO., LTD. AND BEIJING ALICLOUD APSARA INFORMATION TECHNOLOGY CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> ANACONDA, INC., <br><br> Defendant. | C.A. No. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Hangzhou Jicai Procurement Co., Ltd. ("Jicai") and Beijing AliCloud Apsara Information Technology Co., Ltd. ("AliCloud" and, together with Jicai, "Alibaba" or "Plaintiffs"), by and through its undersigned counsel, hereby file this Complaint against Anaconda, Inc. ("Anaconda" or "Defendant") and allege as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. Anaconda claims that Alibaba breached Anaconda's Terms of Service ("TOS") and End User License Agreement ("EULA" and, together with "TOS," the "Anaconda Agreements") and demands damages for the alleged breach. As a result, an actual controversy of sufficient immediacy and reality exists between Alibaba and Anaconda.

3. Alibaba now seeks a declaratory judgment that (1) the TOS and the EULA do not constitute valid and enforceable contracts between the parties; (2) Alibaba did not breach the TOS or the EULA; and (3) Anaconda did not suffer any damages as a result of the alleged breach.

## PARTIES

4. Plaintiff Jicai is incorporated and exists under the laws of the People's Republic of China ("PRC"). Its principal place of business is located in Hangzhou, PRC. Jicai is an affiliate of Alibaba Group Holding Limited ("AGHL"), a holding company whose securities are publicly traded on the New York Stock Exchange and the Stock Exchange of Hong Kong. Among other things, Jicai manages software procurement on behalf of various AGHL affiliates.

5. Plaintiff AliCloud is incorporated and exists under the laws of the PRC. Its principal place of business is located in Beijing, PRC. AliCloud is an affiliate of AGHL. Among other things, AliCloud operates various cloud computing products and services.

6. On information and belief, Defendant Anaconda is a Delaware corporation with its principal place of business at 1108 Lavaca Street, Suite 110-645, Austin, Texas, 78701, United States.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

8. This Court has personal jurisdiction over Anaconda because it is organized and existing under the laws of Delaware.

9. This Court also has personal jurisdiction over Anaconda because it consented to the jurisdiction of the state and federal courts in Delaware in the forum selection clause of Anaconda's Terms of Service ("TOS"). Section 15.11 of the TOS provides:

> 15.11 Governing Law and Venue. THESE TOS, AND ANY DISPUTES ARISING FROM THEM, WILL BE GOVERNED EXCLUSIVELY BY THE GOVERNING LAW OF DELAWARE AND WITHOUT REGARD TO CONFLICTS OF LAWS RULES OR THE UNITED NATIONS CONVENTION ON THE INTERNATIONAL SALE OF

GOODS.  EACH PARTY CONSENTS AND SUBMITS TO THE EXCLUSIVE JURISDICTION OF COURTS LOCATED WITHIN THE STATE OF DELAWARE.  EACH PARTY DOES HEREBY WAIVE HIS/HER/ITS RIGHT TO A TRIAL BY JURY, TO PARTICIPATE AS THE MEMBER OF A CLASS IN ANY PURPORTED CLASS ACTION OR OTHER PROCEEDING OR TO NAME UNNAMED MEMBERS IN ANY PURPORTED CLASS ACTION OR OTHER PROCEEDINGS.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and pursuant to Section 15.11 of Anaconda's Terms of Service, reproduced above.

## FACTUAL BACKGROUND

11. On April 15, 2024, Anaconda filed a Petition in the 419th District Court of Travis County, Texas against AGHL and two of its affiliates, asserting breach of contract and related claims and seeking "monetary relief in excess of $1,000,000."  A copy of the Petition is attached hereto as Exhibit A.

12. In particular, Anaconda asserts that employees of certain Jicai-managed AGHL affiliates downloaded, installed, and used certain software products offered by Anaconda and in doing so agreed to and breached the TOS and the EULA, causing damages to Anaconda.

13. Anaconda also asserts that certain AliCloud-operated cloud computing products and services constituted unauthorized use and distribution of Anaconda's software products in contravention of the TOS and the EULA, causing damages to Anaconda.

14. A copy of the current version of the TOS available on Anaconda's website, last modified on March 31, 2024, is attached hereto as Exhibit B.

15. A copy of the current version of the EULA available on Anaconda's website, last modified on April 3, 2023, is attached hereto as Exhibit C.

16. On May 10, 2024, Anaconda voluntarily dismissed the Texas lawsuit without prejudice.

17. In an attempt to resolve the parties' dispute, Alibaba has engaged in good faith negotiations with Anaconda since April 2024.

18. The parties failed to reach a negotiated resolution of the dispute. On September 23, 2024, Anaconda informed Alibaba of its plan to re-file the Texas lawsuit.

19. Alibaba now files this lawsuit seeking a judicial declaration of the rights and legal relations of the parties in connection with Anaconda's assertion of breach of contract. Such declaration would be of significant practical help in ending the controversy. Alibaba files in this Court, and not the 419th District Court of Travis County, consistent with the terms of the TOS.

## COUNT I – DECLARATORY JUDGMENT

20. Alibaba incorporates the allegations paragraphs 1 through 19 as if fully set forth herein.

21. There exists an actual controversy of sufficient immediacy and reality between the parties regarding (1) whether the TOS and the EULA constitute valid and legally binding contracts between the parties; (2) whether Alibaba breached the TOS or the EULA; and (3) whether Anaconda suffered any damages as a result of the alleged breach.

22. These issues are ripe for judicial determination.

23. Accordingly, Alibaba seeks a declaratory judgment that (1) the TOS and the EULA do not constitute valid and legally binding contracts between the parties; (2) Alibaba did not breach the TOS or the EULA; and (3) Anaconda did not suffer any damages as a result of the alleged breach.

## PRAYER FOR RELIEF

WHEREFORE, Alibaba requests that judgment be entered in favor of Alibaba and against Anaconda:

a) Declaring that the TOS does not constitute a valid and enforceable contract between Alibaba and Anaconda;

b) Declaring that the EULA does not constitute a valid and enforceable contract between Alibaba and Anaconda;

c) Declaring that Alibaba did not breach the TOS;

d) Declaring that Alibaba did not breach the EULA;

e) Declaring that Anaconda did not suffer any damages as a result of the alleged breach of the TOS;

f) Declaring that Anaconda did not suffer any damages as a result of the alleged breach of the EULA;

g) Awarding Alibaba its costs and attorneys' fees and expenses; and

h) Awarding Alibaba such other relief as this Court deems just and proper.

ROSS ARONSTAM & MORITZ LLP

*/s/ David E. Ross*

*Of Counsel*:

Laura Lin
Bo Bryan Jin
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, California 94304
Laura.Lin@stblaw.com
bryan.jin@stblaw.com
(650) 251-5000

Dated: September 30, 2024

David E. Ross (Bar No. 5228)
S. Reiko Rogozen (Bar No. 6695)
Hercules Building
1313 North Market Street, Suite 1001
Wilmington, Delaware 19801
(302) 576-1600
dross@ramllp.com
rrogozen@ramllp.com

*Attorneys for Plaintiffs
Hangzhou Jicai Procurement Co., Ltd.
and Beijing AliCloud Apsara Information
Technology Co., Ltd.*