IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HANGZHOU JICAI PROCUREMENT CO., LTD. AND BEIJING ALICLOUD APSARA INFORMATION TECHNOLOGY CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> ANACONDA, INC., <br><br> Defendant. | C.A. No. 24-cv-01092-GBW |

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Hangzhou Jicai Procurement Co., Ltd. ("Jicai") and Beijing AliCloud Apsara Information Technology Co., Ltd. ("AliCloud" and, together with Jicai, "Alibaba" or "Plaintiffs"), by and through its undersigned counsel, hereby file this Amended Complaint against Anaconda, Inc. ("Anaconda" or "Defendant") and allege as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. Anaconda claims that Alibaba breached Anaconda's Terms of Service ("TOS") and End User License Agreement ("EULA" and, together with "TOS," the "Anaconda Agreements") and demands damages for the alleged breach. As a result, an actual controversy of sufficient immediacy and reality exists between Alibaba and Anaconda.

3. A copy of the current version of the TOS available on Anaconda's website, last modified on March 31, 2024, is attached hereto as Exhibit A.

4. A copy of the current version of the EULA available on Anaconda's website, last modified on April 3, 2023, is attached hereto as Exhibit B.

5. Alibaba now seeks a declaratory judgment that (1) the TOS and the EULA do not constitute valid and enforceable contracts between the parties; (2) Alibaba did not breach the TOS or the EULA; and (3) Anaconda did not suffer any damages as a result of the alleged breach.

## PARTIES

6. Plaintiff Jicai is incorporated and exists under the laws of the People's Republic of China ("PRC"). Its principal place of business is located in Hangzhou, PRC.

7. Plaintiff AliCloud is incorporated and exists under the laws of the PRC. Its principal place of business is located in Beijing, PRC.

8. On information and belief, Defendant Anaconda is a Delaware corporation with its principal place of business at 1108 Lavaca Street, Suite 110-645, Austin, Texas, 78701, United States.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

10. This Court has personal jurisdiction over Anaconda because it is organized and existing under the laws of Delaware.

11. This Court also has personal jurisdiction over Anaconda because it consented to the jurisdiction of the state and federal courts in Delaware in the forum selection clause of Anaconda's TOS. Section 15.11 of the TOS provides:

> 15.11 Governing Law and Venue. THESE TOS, AND ANY DISPUTES ARISING FROM THEM, WILL BE GOVERNED EXCLUSIVELY BY THE GOVERNING LAW OF DELAWARE AND WITHOUT REGARD TO CONFLICTS OF LAWS RULES OR THE UNITED NATIONS CONVENTION ON THE INTERNATIONAL SALE OF GOODS. EACH PARTY CONSENTS AND SUBMITS TO THE EXCLUSIVE JURISDICTION OF COURTS LOCATED WITHIN THE STATE OF DELAWARE. EACH PARTY

DOES HEREBY WAIVE HIS/HER/ITS RIGHT TO A TRIAL BY JURY, TO PARTICIPATE AS THE MEMBER OF A CLASS IN ANY PURPORTED CLASS ACTION OR OTHER PROCEEDING OR TO NAME UNNAMED MEMBERS IN ANY PURPORTED CLASS ACTION OR OTHER PROCEEDINGS.

12. Section 15.2 of the TOS further provides:

Entire Agreement. These TOS are the complete agreement between the parties regarding the subject matter of these TOS and supersedes all prior or contemporaneous communications, understandings or agreements (whether written or oral) unless a Custom Agreement has been executed where, in such case, the Custom Agreement shall continue in full force and effect and shall control.

13. The parties do not have any Custom Agreements. As a result, the above-reproduced exclusive Delaware forum selection clause supersedes and voids any conflicting provisions in prior Anaconda Agreements previously adopted or published by Anaconda.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and pursuant to Section 15.11 of Anaconda's TOS, reproduced above.

## FACTUAL BACKGROUND

*Plaintiffs and the Alibaba Group*

15. Plaintiffs are affiliates of Alibaba Group Holding Limited ("AGHL"), a holding company whose securities are publicly traded on the New York Stock Exchange and the Stock Exchange of Hong Kong.

16. AGHL is a holding company with no employees or direct business operations. AGHL does not procure or use any software. Instead, various AGHL affiliates, which are often referred to together with AGHL as the "Alibaba Group," engage in various businesses, including e-commerce, cloud computing, logistics, and media and entertainment, in PRC and around the world.

17. Plaintiff Jicai provides centralized procurement management services to various businesses and entities within the Alibaba Group. Among other things, Jicai negotiates terms of

group-wide software procurement, executes procurement agreements, and handles disputes that arise out of such agreements.

18.     Plaintiff AliCloud manages technology collaboration and partnership for Alibaba Group's cloud computing products and services. Among other things, AliCloud negotiates terms of such collaboration and partnership, executes pertinent agreements, and handles disputes that arise out of such agreements.

*Anaconda's Breach of Contract Claims*

19.     On April 15, 2024, Anaconda filed a Petition in the 419th District Court of Travis County, Texas, Cause No. D-1-GN-24-002361, against AGHL and its affiliates Alibaba Cloud (Singapore) Private Limited ("AliCloud Singapore") and Alibaba Cloud US LLC ("AliCloud US" and, together with AGHL and AliCloud Singapore, the "Texas Defendants"), asserting breach of contract and related claims and seeking "monetary relief in excess of $1,000,000" (the "First Texas Petition"). A copy of the First Texas Petition is attached hereto as Exhibit C.

20.     Anaconda's TOS specifying exclusive forum in Delaware was in effect prior to, and at the time of, Anaconda's filing of the First Texas Petition. Anaconda ignored and violated its own exclusive forum provision in pursuing these claims in Texas rather than Delaware.

21.     Anaconda's allegations in the First Texas Petition revealed that its claims concern and are properly directed to, not the Texas Defendants, but Plaintiffs Jicai and AliCloud. Anaconda's dispute threatens Plaintiffs Jicai and AliCloud for at least three reasons.

22.     **First**, Anaconda's allegations in the First Texas Petition are facially impossible as to the Texas Defendants and show a clear mistake in identity. The First Texas Petition alleges that the Texas Defendants each have in excess of 200 employees, who performed "thousands of unauthorized installs of the Anaconda product." These allegations cannot, in fact, concern the

4

Texas Defendants because AGHL has **no employees at all**, and AliCloud Singapore and AliCloud US each has **fewer than one hundred employees**. Anaconda's allegations, if true in any respect, implicate Plaintiffs in the present suit, not the Texas Defendants.

23.  *Second*, the Texas Defendants would not be the contractual counterparty to Anaconda in connection with the alleged use of Anaconda's software. Anaconda asserts that a large number of employees of the Texas Defendants downloaded, installed, and internally used certain software products offered by Anaconda and in doing so agreed to and breached the Anaconda Agreements, causing damages to Anaconda. But Plaintiff Jicai manages centralized procurement for Alibaba Group entities' employees, including the Texas Defendants. As a result, if Anaconda is correct that any of these employees' alleged conduct formed a contract with Anaconda, Jicai—not any of the Texas Defendants—is the contractual counterparty. As a result, a dispute exists between Anaconda and Jicai as to whether any contract was entered as a result of the alleged internal use by Alibaba Group entities' employees and, if so, whether a breach occurred.

24.  *Third*, Anaconda's additional, distribution-related allegations concern conduct exclusively managed by Plaintiff AliCloud. Anaconda asserts that certain of Alibaba Group's cloud computing products and services, including the Platform for AI ("PAI") product and an "open source mirror site," constituted unauthorized distribution of Anaconda's software products through "embedding" and/or "mirroring" in contravention of the Anaconda Agreement, causing damages to Anaconda. Plaintiff AliCloud, not any of the Texas Defendants, manages technology collaboration and partnership where third-party software is distributed in connection with Alibaba Group's cloud computing products and services. As a result, Plaintiff AliCloud is the proper respondent to Anaconda's breach of contract claim based on the alleged distribution of Anaconda

software.  A dispute exists between Anaconda and Plaintiff AliCloud as to whether any contract was entered as a result of the alleged distribution and, if so, whether a breach occurred.

*Failed Negotiation and Anaconda's Renewed Threat of Litigation*

25.     In an attempt to resolve Anaconda's claims, the Texas Defendants entered into a tolling agreement and a non-disclosure agreement with Anaconda.

26.     On May 10, 2024, Anaconda voluntarily dismissed the First Texas Petition without prejudice.

27.     Plaintiffs Jicai and AliCloud attempted in good faith for more than four months to resolve Anaconda's claims after Anaconda dismissed the Texas lawsuit.

28.     On May 16, 2024, Plaintiff Jicai, through in-house and outside counsel, attended a video-conference with Anaconda's representatives to discuss Anaconda's internal use allegations.

29.     Plaintiff AliCloud also attended the May 16, 2024 video-conference through in-house and outside counsel to discuss Anaconda's distribution allegations.

30.     Following the May 16, 2024 video-conference, Plaintiffs Jicai and AliCloud continued to negotiate a potential resolution in good faith through counsel-led discussions with Anaconda.

31.     Negotiations broke down in August 2024, when Anaconda stopped responding to Plaintiffs.

32.     The parties failed to reach a negotiated resolution of the dispute.  On September 23, 2024, Anaconda informed Alibaba of its plan to re-file the Texas lawsuit.

*Post-Filing Developments*

33.     On September 30, 2024, Alibaba filed this lawsuit seeking a judicial declaration of the rights and legal relations of the parties in connection with Anaconda's assertion of breach of

contract. Such declaration would be of significant practical help in ending the controversy. Alibaba filed in this Court, and not the 419th District Court of Travis County, consistent with the terms of the TOS.

34. Nearly two months later, on November 20, 2024, Anaconda filed a second lawsuit in 419th District Court of Travis County, Texas, Cause No. D-1-GN-24-009474, against the Texas Defendants, making substantially the same allegations (the "Second Texas Petition"). Anaconda did not acknowledge in any respect in the Second Texas Petition that it had every reason to know, based on the parties' intervening discussions since May 2024 and the allegations in the present suit, that Anaconda's allegations are properly directed at Plaintiffs, not the Texas Defendants. A copy of the Second Texas Petition is attached hereto as Exhibit D.

35. On November 21, 2024, Anaconda moved to dismiss Alibaba's Complaint in this action.

36. Alibaba now submits this Amended Complaint pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure.

## COUNT I – DECLARATORY JUDGMENT

37. Alibaba incorporates the allegations paragraphs 1 through 36 as if fully set forth herein.

38. There exists an actual controversy of sufficient immediacy and reality between the parties regarding (1) whether the TOS and the EULA constitute valid and legally binding contracts between the parties; (2) whether Alibaba breached the TOS or the EULA; and (3) whether Anaconda suffered any damages as a result of the alleged breach.

39. These issues are ripe for judicial determination.

40. Accordingly, Alibaba seeks a declaratory judgment that (1) the TOS and the EULA do not constitute valid and legally binding contracts between the parties; (2) Alibaba did not breach the TOS or the EULA; and (3) Anaconda did not suffer any damages as a result of the alleged breach.

## **PRAYER FOR RELIEF**

WHEREFORE, Alibaba requests that judgment be entered in favor of Alibaba and against Anaconda:

a) Declaring that the TOS does not constitute a valid and enforceable contract between Alibaba and Anaconda;

b) Declaring that the EULA does not constitute a valid and enforceable contract between Alibaba and Anaconda;

c) Declaring that Alibaba did not breach the TOS;

d) Declaring that Alibaba did not breach the EULA;

e) Declaring that Anaconda did not suffer any damages as a result of the alleged breach of the TOS;

f) Declaring that Anaconda did not suffer any damages as a result of the alleged breach of the EULA;

g) Awarding Alibaba its costs and attorneys' fees and expenses; and

h) Awarding Alibaba such other relief as this Court deems just and proper.

|  |  |
|---|---|
| | ROSS ARONSTAM & MORITZ LLP |
| *Of Counsel*: | /s/ David E. Ross |
| | David E. Ross (Bar No. 5228) |
| Laura Lin | S. Reiko Rogozen (Bar No. 6695) |
| Bo Bryan Jin | Hercules Building |
| SIMPSON THACHER & BARTLETT LLP | 1313 North Market Street, Suite 1001 |
| 2475 Hanover Street | Wilmington, Delaware 19801 |
| Palo Alto, California 94304 | (302) 576-1600 |
| (650) 251-5000 | dross@ramllp.com |
| Laura.Lin@stblaw.com | rrogozen@ramllp.com |
| bryan.jin@stblaw.com | |
| | *Attorneys for Plaintiffs* |
| | *Hangzhou Jicai Procurement Co., Ltd.* |
| | *and Beijing AliCloud Apsara Information* |
| Dated:  January 9, 2025 | *Technology Co., Ltd.* |